```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

UNITED STATES OF AMERICA

                                           13 Cr. 138 (RWS)
     - against -
                                              OPINION

HECTOR SANTILLAN,

                    Defendant.

------------------------------------------X
```

**Sweet, D.J.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/15/15

Defendant Hector Santillan ("Santillan" or the "Defendant") has moved the Court for reconsideration of its August 7, 2013 Opinion denying his motion to suppress evidence of narcotics discovered during a traffic stop, on the basis of the Supreme Court's recent decision in Rodriguez v. United States, 135 S. Ct. 1609 (2015). For the reasons stated below, the motion is denied.

As a threshold matter, Santillan's motion is untimely, since Local Criminal Rule 49.1(d) requires motions for reconsideration to be filed within 14 days of the Court's determination of the original motion. However, since Rodriguez was decided only in April of this year, and since there would be little purpose to denying this motion on procedural grounds and requiring Defendant to raise the argument in a new motion to

suppress, this Opinion will reach the merits of the motion.

The facts of the traffic stop are laid out in detail in the Court's August 7, 2013 opinion. United States v. Santillan, No. 13 Cr. 138, 2013 WL 4017167, at *1-4. Briefly summarized, Santillan was a passenger in a car driven by codefendant Junior Rivera-Vasquez, when they were pulled over for traffic violations by Officer Moreira of the Westchester County Police. When Officer Moreira came to the car, Rivera-Vasquez and Santillan appeared nervous and gave suspicious answers about why they were travelling together and where they were going. Santillan also told the officer that he had only $80 on his person, but after a pat-down the officer discovered a stack of currency amounting to approximately $1,000. Moreira had also noticed that there were multiple cell phones present in the car (in addition to the one he found during a pat-down of Rivera-Vasquez), that the front passenger seat of the car was raised, that its cushion was higher, and that its leather was a different color from the other seat in the car. The officer asked Rivera-Vasquez if he could search the car, and Rivera-Vasquez consented. While searching the car, the police discovered plastic wrapping between the cushion and the back rest of the passenger seat, which Officer Moreira testified was consistent with the kind of wrapping used to transport narcotics. The officer requested that a police dog come to the

scene, which alerted to the presence of illegal drugs. The officer then pulled back the seat and observed two packages of a substance that was later confirmed as cocaine.

In Rodriguez, the Supreme Court ruled that the police cannot prolong an otherwise-completed traffic stop, absent reasonable suspicion, in order to have a dog sniff the vehicle for illegal drugs. See Rodriguez, 135 S. Ct. at 1614, 1616. Where an officer does have reasonable suspicion, however, nothing in Rodriguez limits his or her ability to reasonably prolong the stop to conduct an investigation of criminal activity. See id. at 1615 ("An officer, in other words, may conduct certain unrelated checks during an otherwise lawful traffic stop. . . . [but] he may not do so in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual."). This Court has already ruled that Officer Moreira had sufficient reasonable suspicion to keep Santillan and Rivera-Vasquez longer for questioning:

> Here, just as in Hernandez and Harrison, the Defendants' answers heightened Officer Moreira's suspicions: Rivera-Vasquez did not know Santillan's aunt's name or the location of her house, and he stated that he did not know Santillan well, yet was traveling out of state with him on an overnight trip. (Hr'g Tr. 24:20-25:22). Santillan was also not able to state the city they had stayed in. (Id.) Further, both Defendants "appeared very nervous, were avoiding making eye contact," "were speaking a low voice" and Rivera-

3

Vasquez's "hands were shaking" and had no luggage. (Hr'g Tr. 22:13-20.) Finally, Officer Moreira testified that when Santillan exited the car, he observed that the passenger's seat in the car was higher and a different color than the driver's seat. (Hr'g Tr. 30/21-31:6.) These factors justified Officer Moreira's continuing to detain and question the Defendants for the seventeen minutes preceding the consent to search.

Santillan, 2013 WL 4017167, at *8.

If Officer Moreira had reasonable suspicion sufficient to detain the Defendant before the search of the vehicle, he certainly had sufficient reasonable suspicion to extend the stop after that search – to which Rivera-Vasquez had consented – revealed drug packaging behind the suspicious seat. The presence of reasonable suspicion therefore places this case outside the Supreme Court's holding in Rodriguez. See Rodriguez, 135 S.Ct. at 1616-17 (noting the absence of any finding in the courts below that reasonable suspicion was present).

The Defendant's motion for reconsideration is therefore denied.

It is so ordered.

**New York, NY**
**October 15, 2015**

_____
ROBERT W. SWEET
U.S.D.J.