USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-23-15

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x

UNITED STATES OF AMERICA

        - against -                             13 Cr. 138 (RWS)

                                                    OPINION

HECTOR SANTILLAN,

                Defendant.

------------------------------------------x
```

**Sweet, D.J.**

The government has moved in limine, seeking admission of evidence at the upcoming trial of Hector Santillan ("Santillan" or the "Defendant"). Santillan is charged with two counts: first, conspiring to distribute and possess with intent to distribute over 500 grams of cocaine, heroin, and pills containing oxycodone, in violation of 21 U.S.C. §§ 846, 812, 841(a), 841(b)(1)(B), and 841(B)(1)(c); and second, distributing and possessing with the intent to distribute over 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B). (See Superseding Indictment, Dkt. No. 70.) The government seeks admission of testimony by a cooperating witness that Santillan and two other coconspirators participated in the attempted kidnapping of a man who they believed intended to rob them of drugs and/or drug proceeds, and evidence regarding

1

Santillan's ownership of an assault rifle, as well as photographs of the rifle taken from his mobile phone. For the reasons stated below, both of the government's motions are granted.

The defense argues that evidence of the kidnapping is inadmissible under Fed. R. Evid. 404(b), since its sole purpose is to reflect negatively on Santillan's character, or in the alternative that it should be excluded as unfairly prejudicial pursuant to Fed. R. Evid. 403. (See D.'s Br., Dkt. No. 97, at 4-5.) However, "evidence of uncharged criminal activity is not considered other crimes evidence under Fed. R. Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense." United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000). In other words, testimony regarding the kidnapping is not "other act" evidence because it goes to prove the same act the Defendant is charged with – participation in a drug conspiracy.

Even evaluated through the frame of Rule 404(b), the evidence is admissible. In order to determine whether to allow or exclude evidence of other acts, a district court must consider 1) whether the evidence is offered for a proper purpose, 2) whether it is relevant to a material issue in dispute, and 3) if its probative value is substantially outweighed by its prejudicial effect. See Huddleston v. United

2

States, 485 U.S. 681, 691-92 (1988); United States v. Morillo-Vidal, 547 F. App'x 29, 31 (2d Cir. 2013).[1]  In this case, the government alleges that the attempted kidnapping was done to protect the merchandise and proceeds of the drug conspiracy that Santillan is charged with being part of under Count One of the Indictment.  (See Gov. Br., Dkt. No. 90, at 7.)  Because evidence of the kidnapping is being offered to show knowledge of and participation in the conspiracy, rather than simply to attack Santillan's character, it is offered for a proper purpose.  See United States v. Mercado, 573 F.3d 138, 141-42 (2d Cir. 2009) (admitting evidence of prior actions in drug conspiracy case because they showed the development of the relationship between coconspirators, knowing participation in the conspiracy and "that Defendant was not an innocent pawn taken by surprise by the drug transaction").

The evidence is relevant to Santillan's participation in and affiliation with a conspiracy engaged in narcotics trafficking.  This case began when Westchester County Police pulled over a car in which Mr. Santillan was a passenger.  See United States v. Santillan, No. 13 Cr. 138, 2015 WL 6115865, at *1 (S.D.N.Y. Oct. 15, 2015); United States v. Santillan, No. 13

---

[1] Huddleston also notes that a key element in protection against unfair prejudice is the requirement that Court, upon request, must instruct the jury that evidence of other acts is only to be considered for proper purposes. 485 U.S. at 691-92.  Santillan's counsel has made no such request.  (See Dkt. No. 98.)

3

Cr. 138, 2013 WL 4017167, at *1-2 (S.D.N.Y. Aug. 7, 2013). After observing that the seat in which Santillan was sitting looked suspicious, the police conducted a search, and discovered cocaine hidden within. See generally id. The government expects Santillan to contend that he was merely a passenger in the car, with no knowledge of the cocaine and no connection to any drug conspiracy. (See Gov. Br., Dkt. No. 90, at 16.) Evidence of Santillan's participation in a kidnapping plot geared toward protecting the narcotics involved in the conspiracy (and the money derived from it) tends to establish that he was part of the conspiracy. Since the government must establish knowledge of and membership in the conspiracy, evidence of Santillan's knowing participation in other acts in furtherance of the conspiracy carries probative value that should significantly outweigh any unfair prejudice. See Mercado, 573 F.3d at 142.

Evidence of Santillan's possession of a rifle is admissible for similar reasons. Since the government intends to show that Santillan received the rifle from a coconspirator and used it in the course of the conspiracy (Gov. Br. at 10-11), it is direct evidence of the charged offense, and therefore falls outside the scope of Rule 404(b). See Carboni, 204 F.3d at 44. Moreover, the Second Circuit has repeatedly ruled that firearms are admissible as direct evidence in narcotics cases as "tools of

4

the trade." United States v. Mitchell, 328 F.3d 77, 83 (2d Cir. 2003); United States v. Becerra, 97 F.3d 669, 671-72 (2d Cir. 1996). This is because "the guns themselves, in context, [a]re probative of the narcotics conspiracy charged." United States v. Casamento, 887 F.2d 1141, 1156 (2d Cir. 1989); accord United States v. Guerrero, 882 F. Supp. 2d 463, 492 (S.D.N.Y. 2011) ("evidence related to . . . possession of guns belonging collectively to the [conspiracy] . . . is plainly admissible to explain the development of the illegal relationship between the defendants and their co-conspirators."). Even if the admission of the rifle were subject to the Huddleston test for admission of "other acts" evidence, it would meet the necessary requirements, since it is offered for a proper purpose - proving Santillan's knowledge of and participation in the conspiracy - is relevant to a material and disputed issue, and has probative value that outweighs any potential prejudice. See United States v. Pinales, 14 F. App'x 100, 101-02 (2d Cir. 2001) ("evidence that [defendant] himself possessed a firearm was properly admitted as tending to establish his active and intentional participation in the charged conspiracy.").

The government's motions in limine are therefore granted.

5

It is so ordered.

**New York, NY**
**October 2V, 2015**

_____
ROBERT W. SWEET
U.S.D.J.