UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

UNITED STATES OF AMERICA

     -against-

HECTOR SANTILLAN,

               Defendant.

------------------------------------------X

13 Cr. 138-1 (RWS)

SENTENCING
OPINION

**Sweet, D.J.,**

    On November 2, 2015, after a jury trial, Hector Santillan ("Santillan" or the "Defendant") was found guilty of one count of conspiracy to distribute and possess with intent to distribute cocaine, heroin, and oxycodone, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and one count of distributing and possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(B).  For the reasons set forth below, Santillan will be sentenced to 151 months in prison on each count, running concurrently, to be followed by four years of supervised release, subject to the scheduled sentencing hearing on March 23, 2016.  Santillan is also required to pay a special assessment of $200.

## Prior Proceedings

Santillan was named in a two-count indictment (the "Indictment") filed in the Southern District of New York on March 4, 2015. The first count of the Indictment ("Count One") charges that from Summer 2012 through February 12, 2013, in the Southern District of New York and elsewhere, Santillan and others conspired to distribute and possess with intent to distribute 500 grams and more of cocaine, mixtures and substances containing a detectable amount of heroin, and pills containing oxycodone, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B), and 841(b)(1)(C). The second count of the Indictment ("Count Two") charges that on February 12, 2013, in the Southern District of New York and elsewhere, Santillan distributes and possessed with intent to distribute 500 grams and more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B).

The Indictment further indicates that as a result of committing the offenses charged, Santillan shall forfeit to the United States any property constituting or derived from proceeds

2

of the offenses and any property used or intended to be used to commit or facilitate them.

On November 2, 2015, following a jury trial, Santillan was found guilty as charged. He is scheduled to be sentenced on March 23, 2016.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

3

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for —

(A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5)   any pertinent policy statement [issued by the Sentencing Commission];

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

4

**The Defendant**

The Court adopts the facts set forth in the Presentence
Investigation Report ("PSR") with respect to Defendant's
personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with
respect to the offense conduct.  These facts are summarized, in
brief form, below.

Santillan was part of a drug trafficking organization based
in Lawrence, Massachusetts, which sold cocaine, heroin, and
prescription painkillers such as oxycodone and percocet.  On
February 12, 2013, Santillan and a coconspirator, Junior Rivera-
Vasquez, travelled from Massachusetts to the Washington Heights
neighborhood of Manhattan, where Santillan purchased four
kilograms of cocaine.  As they turned around to return to
Massachusetts, their car was pulled over by Westchester County

5

Police for a traffic violation.  A search of the car later revealed the cocaine hidden in a compartment hidden in the seat on which Santillan was sitting.  The government views Santillan as responsible for four kilograms of cocaine, at least 10,000 pills of oxycodone or Percocet, and less than 100 grams of heroin.  He also possessed a dangerous weapon and made a credible threat to use violence.

**The Relevant Statutory Provisions**

On both Count One and Count Two, the minimum term of imprisonment is 5 years and the maximum term is 40 years.  21 U.S.C. § 841(b)(1)(B).  The minimum term of supervised release on each count is four years and the maximum is life.  21 U.S.C. § 841(b)(1)(B).  The Defendant is ineligible for probation because it is prohibited by statute.  21 U.S.C. § 841(b)(1)(B). The maximum fine for each count is $5,000,000.  21 U.S.C. § 841(b)(1)(B).  A special assessment of $100 for each count is mandatory pursuant to 18 U.S.C. § 3013(a)(2).

**The Guidelines**

6

The November 1, 2015 edition of the United States
Sentencing Commission Guidelines Manual has been used in this
case for calculation purposes, pursuant to U.S.S.G. § 1B1.11.

The guideline for 21 U.S.C. § 841 offenses is found in
U.S.S.G. § 2D1.1.  Under Application Note 8 to U.S.S.G. § 2D1.1,
sentences for defendants convicted of distributing more than one
controlled substance are calculated according to the "Drug
Equivalency Table," a sort of exchange rate that converts
quantities of different drugs into a common denominator -
marijuana.  Under the Drug Equivalency Table, the four kilograms
of cocaine Santillan was convicted of distributing are
equivalent to 800 kilograms of marijuana and 10,000 oxycodone
pills are equivalent to 2,010 kilograms of marijuana (assuming
an average of 30mg of oxycodone per pill).  Because the
government does not provide a precise figure for the heroin
Santillan was responsible, it is left out of the count,
resulting in a total marijuana equivalency of 2,810 kilograms.
See U.S.S.G. § 2D1.1 application note 8(D).  Under U.S.S.G. §
2D1.1(5), distribution of between 1,000 and 3,000 kilograms of
marijuana warrants an offense level of 30.

7

Because the defendant possessed an assault rifle during the offense, two levels are added pursuant to U.S.S.G. § 2D1.1(b)(1).  Because the defendant used violence or made a credible threat to use violence as part of an attempted kidnapping related to the drug conspiracy, two additional levels are added pursuant to U.S.S.G. § 2D1.1(b)(2).  These adjustments result in a total offense level of 34.

Santillan has one prior criminal conviction.  On September 24, 1996, he was convicted in Manchester, New Hampshire, of disorderly conduct, and sentenced to 30 days in prison. Pursuant to U.S.S.G. § 4A1.2(e)(2), this offense warrants no criminal history points.  A total of zero criminal history point results in a criminal history category of I.  See Sentencing Table, U.S.S.G. Ch. 5 Pt. A.  Based on a total offense level of 34 and a criminal history category of I, the Guideline range of imprisonment is 151 to 188 months.

The guideline range for a term of supervised release on each count is four to five years.  U.S.S.G. § 5D1.2(a)(1), (c).

Defendant is not eligible for probation because his guideline
range falls in Zone D of the Sentencing Table.  U.S.S.G. § 5B1.1
application note 2.  The fine range for this offense is $35,000
to $10,000,000.  U.S.S.G. § 5E1.2(c)(3,4).  Costs of prosecution
shall be imposed on the Defendant as required by statute.
U.S.S.G. § 5E1.5.  In determining whether to impose a fine and
the amount of such a fine, the Court shall consider, among other
factors, the expected costs to the government of any term of
probation, or term of imprisonment and term of supervised
release imposed.  U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. §
3572(a)(6).  These costs may include drug and alcohol treatment,
electronic monitoring, and/or contract confinement costs.  The
most recent advisory from the Administrative Office of the
United States Courts, dated June 26, 2015, provides a daily cost
of $84.00, a monthly cost of $2,552.00, and an annual cost of
$30,621.00 for imprisonment.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also
gives due consideration to the remaining factors identified in

9

18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), the Court has determined that a Guidelines sentence is warranted.

Santillan was caught trafficking a significant quantity of cocaine, as part of an ongoing drug conspiracy. Although he is being convicted only on drug trafficking charges, the evidence adduced at trial showed significant indicia of violence related to the conspiracy, including a picture of an assault rifle recovered from Santillan's cellular phone. Given the large amount of narcotics for which Santillan is held responsible, the fact that the bulk of the drug conspiracy remains at large, and the potential connection with violence, a guidelines sentence is warranted to protect the public.

10

## The Sentence

Santillan shall be imprisoned for 151 months on each count, running concurrently, to be followed by four years of supervised release.  As mandatory conditions of his supervised release, Defendant shall:

(1)   Not commit another federal, state, or local crime.

(2)   Not illegally possess a controlled substance.

(3)   Not possess a firearm or destructive device.

(4)   Cooperate in the collection of DNA as directed by the probation officer.

(5)   Refrain from any unlawful use of a controlled substance, including submitting to drug testing within fifteen days of his placement on supervised release, and two or more unscheduled drug tests thereafter, as directed by the probation officer.

The standard conditions of supervision (1-13) are recommended with the following special conditions:

(1)   Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found.  The search must be conducted at

11

a reasonable time and in a reasonable manner.  Failure
to submit to a search may be grounds for revocation.
Defendant shall inform any other residents that the
premises may be subject to search pursuant to this
condition.

(2)   Defendant shall participate in an outpatient mental
      health treatment program approved by the Probation
      Office.  Defendant shall continue to take any
      prescribed medications unless otherwise instructed by
      a health care provider.  Defendant shall contribute to
      the cost of services rendered based upon his ability
      to pay and the availability of third-party payments.
      The Court authorizes the release of available
      psychological and psychiatric evaluations and reports,
      including the presentence investigation report, to the
      health care provider.

(3)   Defendant shall provide the probation officer with
      access to any requested financial information.

(4)   Defendant shall obey the immigration laws and comply
      with the directives of immigration authorities

(5)   Defendant is to report to the nearest Probation Office
      within 72 hours of release from custody.

(6)   Defendant is to be supervised by the district of
      residence.

It is further ordered that Defendant shall pay to the
United States a special assessment of $200, which shall be due
immediately.

Defendant does not have the ability to pay a fine and so the fine in this case is waived.

Defendant shall forfeit his interest in any property constituting proceeds from the offense to the United States. See Fed. R. Crim. P. 32.2; 18 U.S.C. § 1963(a).

Defendant is not eligible for voluntary surrender.

13

It is so ordered.

New York, NY
~~January~~ March 18, 2016

_____
ROBERT W. SWEET
U.S.D.J.

14