UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HECTOR SANTILLAN,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/6/2020

20-CV-5999 (MKV)

13-CR-0138-1 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      Defendant Hector Santillan, currently incarcerated at Moshannon Valley Correctional Center, requests an extension of time to file a motion under 28 U.S.C. § 2255. The Clerk of Court docketed Santillan's submission as a motion under 28 U.S.C. § 2255 in his criminal case, and also opened the submission as a § 2255 motion in a new civil action and assigned it a new case number. The Court construes Santillan's submission as a motion in his criminal case, ECF 1:13-CR-0138-1 (MKV), and directs the Clerk of Court to administratively close this civil action, ECF 1:20-CV-5999 (MKV), as opened in error.

      The Court denies Santillan's request for an extension of time. In *Green v. United States*, the Second Circuit held that "a district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." 260 F.3d 78, 82-83 (2d Cir. 2001); *see also Gonzalez v. United States*, ECF 1:15-CV-8831, 2018 WL 5023941, at \*3 (S.D.N.Y. Oct. 17, 2018) ("Because a federal court 'lacks jurisdiction to consider timeliness of a § 2255 motion until [it] is actually filed,' an extension may be granted only *after* an 'actual [§] 2255' petition is filed." (quoting *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000)).

Santillan has not yet filed his § 2255 motion, and his letter does not include sufficient information to allow the Court to construe it as a § 2255 motion. *See* Rule 2(b) of the Rules Governing § 2255 Proceedings for the United States District Courts. The Court must therefore deny his request for an extension. If Santillan files a § 2255 motion, he should include both substantive grounds and equitable reasons for why the time to file the § 2255 motion should be tolled. Santillan should allege any facts that show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting his motion. *See Green*, 260 F.3d at 86 (holding that equitable tolling "may be applied to the filing of a § 2255 motion").

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Santillan and note service on the docket.

The Clerk of Court is further directed to administratively close the civil action with docket number 20-CV-5999 (MKV).

The Court denies Santillan's request for an extension of time to file a § 2255 motion (ECF 1:13-CR-0138-1, 155).

If Santillan files a § 2255 motion, he should allege any facts that show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting his § 2255 motion.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  8/6/2020
        New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge